IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERRONYCA A. GRABENSTEIN        *
                                                                             *
                                                                             *
v.                              *         Civil No. – JFM-14-3563
                                                                             *
WESTERN MARYLAND HEALTH SYSTEM*
                                                                           ******

**MEMORANDUM**

Plaintiff has brought this action for employment discrimination. She asserts claims for disability discrimination (for being regarded as disabled) under the Americans with Disabilities Act, and disability discrimination (for being regarded as disabled) under Maryland State Gov't Art., §20-601(b)(1)(iii).[1]

Defendant has moved for summary judgment. The motion will be granted.

I.

Plaintiff was hired by defendant as a registered nurse in the Inpatient Oncology/Respiratory unit (also known as "7 South") on February 13, 2012. From August 9, 2012 through October 30, 2012 she was on a medical leave of absence for the birth of her child. On November 19, 2012, she sustained a work-related injury to her right knee, and she was out of work from November 19, 2012 through November 24, 2012. On November 24, 2012, she was reassigned to a relief position until January 20, 2013, when she returned to 7 South. She worked three shifts and was then placed off of work after new medical information was received. She filed a workers' compensation claim on December 17, 2012.

---

[1] Plaintiff originally asserted a claim against defendant for violation of Maryland public policy for not rehiring her after she filed a workers' compensation claim. She has conceded in her response to defendant's summary judgment motion that she has no viable claim in this regard.

Plaintiff remained out of work from January 23, 2013 to June 20, 2013. On June 20th, defendant sent plaintiff a letter stating that she was being separated from employment pursuant to defendant's leave of absence policy that provided that "in no case will a leave of absence extend beyond nine months of continuous time off or more than nine cumulative months in any twelve-month period."

On June 27, 2013, plaintiff was released by an independent medical examiner to return to work with no restrictions. On July 16, 2013, plaintiff was also released by another physician connected with her workers' compensation case to return to work full duty. On July 29, 2013, a nurse practitioner employed by defendant released plaintiff to work without restrictions. From the end of July 2013 up through the end of September 2013, plaintiff applied for 23 nursing positions with defendant. She was not selected for any of those positions.

## II.

Although plaintiff submitted a total of 23 applications, it is undisputed that one of the positions for which she applied was canceled and that she submitted a duplicate application for 7 South. Therefore, the actual number of positions applied for by plaintiff was 21.

Ten of the 12 hiring managers have submitted affidavits stating that they do not have any knowledge about plaintiff's knee injury, workers' compensation claim, or leave of absence. An eleventh hiring manager resigned from defendant effective May 1, 2015, and there is no record evidence that she had any knowledge about plaintiff's knee injury, workers' compensation claim, or leave of absence. The twelfth hiring manager, Elizabeth Barnhart, had been plaintiff's supervisor while plaintiff worked on the 7 South unit, and she therefore did have knowledge about plaintiff's knee injury, leave of absence, and workers' compensation claim.

Barnhart did not select to interview plaintiff for a position on 7 South. Barnhart believed that plaintiff would not be a good fit for the position because of her reclusive nature and the negative feedback she received from other staff members to be problematic considering the need for strong teamwork among nursing staff. Plaintiff offers no evidence to refute this testimony.

The application upon which plaintiff appears to concentrate her focus is the one for the nurse position on the In Patient Behavioral Health unit. Vicki Svensson was the hiring manager for that position. Plaintiff alleges (and testified on deposition) that after having been interviewed by Svensson, she sought out Svensson in her office. Svensson told her that there was a "red flag on her account." Plaintiff only assumes that the "red flag" related to her knee injury, leave of absence, and workers' compensation claim. She cannot, however, recall whether Svensson communicated this to her.[2] What constitutes a "red flag" is susceptible to many different meanings, and therefore plaintiff may not rely upon Svensson's alleged statement as direct evidence of discrimination. *See Hart v. Lew*, Civ. No. ELH-12-03482, 2015 WL 521158, at *22 (D. Md. Feb. 6, 2015). Therefore, plaintiff must rely upon the framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under this framework a plaintiff must establish as part of her *prima* facie case that (1) she is disabled within the meaning of the ADA; (2) she applied for the vacant position; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). Plaintiff cannot establish the first or fourth elements that she is required to meet. First, there is no evidence that Svensson regarded her as being disabled. Svensson has declared that she did not know of plaintiff's medical history, and plaintiff has not

---

[2] Svensson denies that the conversation occurred at all but, for purposes of summary judgment, it must be assumed that it did.

produced any evidence suggesting that this is untrue. Moreover, plaintiff cannot show that she was rejected under circumstances giving rise to an inference of unlawful discrimination. The applicant who was hired instead of plaintiff worked with the same type of patients that are on the Inpatient Behavioral Health unit, she was a registered nurse and had prior management experience. Moreover, the applicant during her interview exhibited enthusiasm about working in the unit. Although the applicant only had previous experience as a certified nursing assistant, not as a registered nurse, this fact is not dispositive. An employer is free to choose among equally qualified candidates. *See Camacho v. Colvin*, Civil No. JKB-13-1303, 2015 WL 5439032, @*4 (D. Md. Sept. 15, 2015).

For these reasons defendant's motion for summary judgment will be granted. A separate order to that effect is being entered herewith.

Date: 7/7/16

J. Frederick Motz
United States District Judge